Michael J. Walleri (ABA #7906060)
GAZEWOOD & WEINER, PC
1008 16th Ave., Suite 200
Fairbanks, AK 99701
tel: (907) 452-5196
fax: (907) 456-7058
walleri@gci.net
Attorneys for Plaintiff Newtok Village

UNITED STATES DISTRICT COURT
FOR DISTRICT OF ALASKA
~~IN THE SUPERIOR COURT FOR THE STATE OF ALASKA~~
~~FOURTH JUDICIAL DISTRICT AT BETHEL~~

| NEWTOK VILLAGE, <br>     - PLAINTIFF, <br> vs. <br> LYNDEN AIR CARGO, LLC d/b/a LYNDEN AIR CARGO <br>     - Defendant. | CASE NO. 3:20-cv-00071-TMB <br><br> **(Proposed) FIRST AMENDED COMPLAINT** |
|---|---|
| ~~NEWTOK VILLAGE,~~ <br> ~~- PLAINTIFF,~~ <br> ~~vs.~~ <br> ~~LYNDEN AIR CARGO, LLC d/b/a LYNDEN AIR CARGO~~ <br> ~~- Defendant.~~ | ~~CASE NO._____~~ <br><br> ~~COMPLAINT~~ |

COMES NOW, Plaintiff, Newtok Village, (hereinafter referred to as "Plaintiff" or "Tribe"), by and through undersigned counsel, hereby states and alleges as follows:

## INTRODUCTION

1. This is a complaint for money damages as the result of a breach of contract with respect to the failure to transport and deliver yurts purchased by the Plaintiff, for shipment to Newtok via the Defendant.

*Newtok v Lynden, Case No. NO. 3:20-cv-00071-TMB*
*Amended Complaint (First)*
*Page 1 of 6*

Case 3:20-cv-00071-TMB   Document 33-1   Filed 09/03/20   Page 1 of 6

# THE PARTIES, JURISDICTION AND VENUE

2. Plaintiff, Newtok Village is a federally recognized Indian Tribe, with a principal place of business in the community of Newtok, Alaska, in the Fourth Judicial District.

3. Defendant, Lynden Air Cargo, LLC (hereinafter after referred to as "Lynden") is a limited liability company organized under the laws of the State of Alaska, and doing business as Lynden Air Cargo as a freight forwarder within Alaska,~~the Fourth Judicial District~~ at 3561 Airport Rd, Bethel, AK 99559.

4. This Court has jurisdiction over these matters, and venue is proper, as previously ruled by the Court, subject to the objection and reservation of rights by the Plaintiff.

1. ~~Venue of this matter is properly before the Fourth Judicial District- Bethel, Alaska.~~

## II. FACTS

5. Newtok Village, a federally recognized tribal entity, has undertaken the relocation of the community of Newtok, Alaska to Mertarvik, Alaska because the current Newtok site is being destroyed.

6. On or about July of 2019, the Tribe purchased four (4) yurts from Nomad Shelter Inc., of Homer Alaska, ("Nomad") to provide emergency housing in Newtok and Mertarvik for $109,697.50, fob Anchorage.

7. Prior to June 26, 2019, Tribe contracted with Lynden Air Cargo to transport the component parts of the four (4) yurts to Newtok, Alaska.

8. Lynden was aware that the four (4) Yurts to be transported to Newtok, Alaska were for emergency housing in Newtok and/or Mertarvik, associated with the relocation of the community.

9. On or about June 26, 2019, the Tribe paid Lynden Air Cargo $42,543.55 to transport the component parts of the four (4) yurts from Anchorage to Newtok.

10. On information and belief, Nomad delivered the four (4) yurts to Lynden Air Cargo in Anchorage between June 17, 2019 and July 6, 2019, the component parts of which were contained in the form of 39 pieces for shipping.

11. Between June 17, 2019 and July 6, 2019, Lynden Air Cargo issued four (4) consignment invoices for receipt and shipment of the component parts of the yurts as follows:

a) Invoice No. 16797594 for 5 pieces dated 6-17-19

b) Invoice No. 16794993 for 14 pieces dated 6-21-19

c) Invoice No. 16798784 for 10 pieces dated 6-25-19

d) Invoice No. 16802030 for 10 pieces dated 7-06-19

12. On or about July 12, 2019, Newtok received the shipped pieces referenced in Invoice No. 16802030.

13. Newtok did not receive the component parts of the shipments referenced by Invoice Nos. 16797594, 16794993 and 16798784.

14. On or about November 16, 2019, the Tribe gave notice of the non-delivery.

15. Lynden has not responded in a meaningful way to deliver the shipped material.

## COUNT I
## BREACH OF CONTRACT

16. Tribe caused to be delivered to Lynden, and Lynden accepted 39 pieces of freight to be shipped from Anchorage to Newtok, Alaska.

17. Lynden accepted the above referenced 39 pieces of freight for shipment from Anchorage to Newtok, Alaska.

18. Lynden quoted Tribe that it would cause the 39 pieces of freight to be transported from Anchorage to Newtok via air for a price of $42,543.55.

19. Tribe paid Lynden $42,543.55 for the transportation of the above referenced 39 pieces of freight as quoted by Lynden.

20. Lynden accepted and received $42,543.55 paid by the Tribe.

21. The above actions constitute the formation of a contract between Lynden and the Tribe for the transportation of the 39 pieces of freight from Anchorage to Newtok.

22. The Tribe fully performed its obligations under the contract.

23. Lynden failed to perform its obligations under the contract and thereby breached the above referenced contract.

24. As a direct result of such breach, the Tribe suffered direct damages in the amount of $42,543.55 (the amount of the freight charges) and $109,697.50 (the value of the yurts).

25. As an indirect and consequential result of such breach, the Tribe suffered the loss of use of such Yurts as emergency housing for persons/families rendered homeless thereby suffering damages in excess of $500,000

## COUNT II
## NEGLIGENCE

26. The Defendant is an Certified Air Carrier

27. Plaintiff caused the above referenced freight (see para. 11) to be delivered to the Defendant in Anchorage, Alaska in good order for shipment to Newtok.

28. As a Certified Air Carrier the Defendant had a duty to transport and deliver such freight to the agreed destination within the agreed time or within reasonable time.

29. As a Certified Air Carrier the Defendant had a duty of reasonable care to avoid theft,

misdirection, or other loss of possession while such freight was in the possession of the Defendant.

30. As a contractor to the Tribe, the Defendant has a duty to report the destruction, theft or other transfer of the freight under Section 17.4 of the Tribal Procurement Code.

31. As a contractor to the Tribe, the Defendant has a duty to take reasonable efforts to recover the freight under Section 17.4 of the Tribal Procurement Code.

32. The Defendant has a duty to prevent the knowing conversion of tribal property, use of tribal property by another, and or misapplication of tribal property by another as set forth in standards contained in 18 USC § 1163.

33. The Defendant breached each of the duties stated in paragraphs 28-32 stated above.

34. As the proximate cause of Defendants breach of any or all of the above referenced duties, Plaintiff suffered injury; to wit the use, ownership and/or benefit such tribal property to which the Tribe was legally entitled.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court to issue orders:

1. Awarding damages in amount no less than $652,241.05 (the full amount to be proven at trial) in favor of the Tribe and against Lynden Air Cargo, LLC .

2. Award pre-judgment interest, costs and attorney fees in favor of the Tribe and against Lynden Air Cargo, LLC. .

3. Such other relief as may be appropriate.

Respectfully submitted this 3rd   day of September ~~24th  day of February~~, 2020

                                   s// Michael J. Walleri

                                   Michael J. Walleri (ABA #7906060)
                                   GAZEWOOD & WEINER, PC

1008 16th Ave., Suite 200  
Fairbanks, AK 99701  
tel: (907) 452-5196  
fax: (907) 456-7058  
walleri@gci.net  
Attorney for Newtok Village

CERTIFICATE OF SERVICE  
I declare under penalty of perjury of the laws of the United States of America that on September 3, 2020 I electronically filed the above document with the Clerk of Court using the E-FILING system, and served the foregoing document on the parties counsel listed above by e-mail

Thomas G. Waller, (AKB #0109052)  
BAUER MOYNIHAN & JOHNSON LLP  
2101 4TH Avenue - 24th Floor  
Seattle, WA 98121  
Telephone: (206) 443-3400  
Facsimile: (206) 448-9076  
tgwaller@bmjlaw.com  
Attorney for Defendant

/s/ Michael J. Walleri